IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

O'BREIN TATUM,

                Plaintiff,          OPINION AND ORDER

   v.

                                         18-cv-1051-wmc

FOX LAKE CORRECTIONAL
INSTIUTTION,

                Defendant.

---

*Pro se* plaintiff O'Brein Tatum has filed a proposed complaint under 42 U.S.C. § 1983 alleging that defendant, the Fox Lake Correctional Institution ("FLCI"), failed to protect him from another inmate's assault. Tatum's complaint is ready for screening as required by 28 U.S.C. § 1915A. While Tatum's allegations suggest that he may have an Eighth Amendment claim, he will not be allowed to proceed until he amends his complaint to name a proper defendant.

ALLEGATIONS OF FACT[1]

Plaintiff O'Brein Tatum was an inmate at FLCI for a brief period of time in 2018. It is unclear when, but at some point during his incarceration with the Wisconsin Department of Corrections ("DOC"), Tatum filed a request for separation from two inmates, Perry and Conner, both of whom were inmates at FLCI. When Tatum arrived at FLCI, he informed both a correctional officer and his social worker that he had concerns

---

[1] In addressing a pro se litigant's complaint, the court must read the allegations generously, drawing reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

about Perry and Conner. The officer and social worker directed him to fill out forms requesting separation again. Tatum filled out the forms and a few days later a captain spoke to Tatum about his requests. Apparently Tatum relayed that they had been victims in a case involving him ten years prior, and he believed Perry and Connor still wanted to retaliate against him. The captain acknowledged that Perry and Connor were FLCI residents, but apparently did not take any action to separate Tatum from them. On October 26, 2018, Perry assaulted Tatum while he was sleeping, causing a facial fracture, swollen eye and bloody nose. Tatum believes that the captain enabled the assault by informing Perry where he was housed.

OPINION

Tatum's allegations implicate a claim under the Eighth Amendment, which requires prison officials to ensure that "reasonable measures" are taken to guarantee inmate safety and prevent harm. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner may prevail on such a claim by alleging that (1) he faced a "substantial risk of serious harm" and (2) the identified prison officials acted with "deliberate indifference" toward that risk. *Id.* at 834.

Here, Tatum's allegations that he filed multiple separation requests, and spoke directly to a correctional officer, a social worker and a captain about his concerns about Perry and Connor, permit an inference that one or all of these individuals acted with deliberate indifference to a substantial risk of an assault. Yet Tatum has not named any of these FLCI employees as a defendant. Instead, he has named only FLCI, but the institution itself is not a suable entity under § 1983. *Smith v. Knox County Jail*, 666 F.3d

2

1037, 1040 (7th Cir. 2012) ("A prison or department in a prison cannot be sued because it cannot accept service of the complaint."). Accordingly, the court must dismiss FLCI as a defendant.

Since it is likely that Tatum can name a proper defendant, the court will dismiss his complaint without prejudice and give Tatum a short window of time in which he may file an amended complaint that names a proper defendant, which the court will screen as required by § 1915A. In preparing his amended complaint, Tatum should bear in mind that to be held liable under § 1983, a defendant must have been personally involved in the constitutional violation. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation."). If Tatum is unsure of the names of the individuals he informed about the inmates that posed a threat to him, he may identify them in his proposed amended complaint as either "John Doe" or "Jane Doe" defendants. Then, once the court grants him leave to proceed, he may seek discovery to identify those defendants and amend his complaint again at a later date in this lawsuit.

ORDER

IT IS ORDERED that:

1) Plaintiff O'Brein Tatum's complaint is DISMISSED WITHOUT PREJUDICE.

2) Plaintiff until **July 17, 2019**, to file an amended complaint that names a proper defendant.

3) **If plaintiff does not file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2).**

4) Defendant Fox Lake Correctional Institution is DISMISSED.

Entered this 26th day of June, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge