IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

O'BREIN QUARTEZ TATUM,

              Plaintiff,

  v.

JOHN DOE, *et al.*,

              Defendants.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

18-cv-1051-wmc

---

This court held a recorded telephonic preliminary pretrial conference on August 21, 2020. Plaintiff is representing himself and appeared without an attorney. Defendants appeared by Eliot Held. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and its attachments, which are available electronically in a hyperlink in the same docket entry as the order itself. Please note that occasionally Judge Conley makes changes to the attachments. As such, unless you do not have access to the attachments electronically (e.g., you are a pro se litigant), you should review the most *recent* version of the appropriate attachment to assure compliance when preparing summary judgment or other pre-trial submissions.

**Read this whole order NOW**

This federal civil lawsuit is a serious matter. As a party to a federal civil lawsuit, it is your duty to understand what you are supposed to do and when you are supposed to do it. To help you, this order explains what your duties are and what your deadlines are. This court has a number of rules that you must follow. It will not be easy to do everything that you are supposed

to do, and you will not have a lot of time. Therefore, it is important for you to read this order now so that you can do things the right way.

## Review the Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure are the rules that control much of what happens in this lawsuit. Not all of those rules will be important in your case, but some of them will be very important, particularly the rule about summary judgment and the rules about discovery. It is your duty to know the rules of procedure that apply to you in this case. This court cannot provide you with a copy of the rules of procedure. You will have to find your own copy of the rules to review.

The Federal Rules of Evidence could be important later in this lawsuit. The rules of evidence affect the parties' submissions for summary judgment motions. Also, if this case goes all the way to trial, the rules of evidence will affect how the evidence is presented at trial. It is your duty know the rules of evidence that apply to you in this case. This court cannot provide you with a copy of the rules of evidence. You will have to find your own copy of the rules to review.

## Service of documents on your opponent

The usual rule is that every letter, motion, brief, exhibit, or other document that you file with the court in this lawsuit must be served on your opponent at the same time. This means that whenever you mail a document to the court, you also must mail a copy of that document to your opponent at the same time. **The exception to this rule is if the Wisconsin Department of Justice has agreed to represent your opponent.** The DOJ has agreed to accept electronic service of documents on behalf of the litigants it represents. This means that

you do not have to serve your filings separately on any opponent represented by the DOJ. Submitting a filing to the court will count as serving an opponent represented by the DOJ. If some of your opponents are represented by the DOJ and others are not, you will not have to serve the DOJ-represented opponents separately, but you will have to serve the other opponents separately. If you are confused about which opponents you have to serve separately, you should refer to the previous memorandum of the court explaining which opponents need to be served.

For those opponents who must be served separately, in order to prove that they have been served, you must **certify service** by including with each submission to the court a sentence at the end of your document, or on a separate piece of paper, in which you swear or certify that you sent a copy through the mail with proper postage to your opponent's lawyer. If you do not serve your documents on your opponent and if you do not certify service, then this court will not look at your documents. If you think you will have trouble making copies, then you should think about this ahead of time and follow the directions in the next section about copying.

**You are responsible for making or obtaining your own copies**

This court will not make copies for you and it will not give you money to make copies. If you are in an institution, you must use your own money or money from your legal loan account to pay for copies. If you have reached your loan limit, or if you think you will reach it during this case, then you must plan accordingly. You have no legal right to require the prison to make free photocopies of documents that you write by hand. That means that you must write your own copies of these documents by hand to serve on your opponent and to keep a copy for yourself. This court will not order the institution to provide photocopies of large amounts of documents if those documents already have been submitted by you or by the defendants. This

court will not order the institution to photocopy documents for you in this lawsuit if you already have a federal lawsuit in this court that has used up your legal loan account, unless there is some special reason to do so, such as your present physical safety.

<u>**Scheduling**</u>

**1.      Amending the pleadings: By leave of court**

The only way you may amend your complaint in this lawsuit is by filing a motion asking the court to grant leave to amend and having the court grant this motion.  If you file a motion for leave to amend your complaint, you must send in with the motion a complete copy of the proposed amended complaint that you want the court to accept.  The longer you wait to ask for leave to amend, the less likely it is that the court will allow you to amend.

**2.      Identifying the Doe Defendants**

**A) October 23, 2020:** Plaintiff shall complete service of his discovery requests aimed at identifying his Doe defendants. It is important for plaintiff to prepare clear, thorough discovery requests so that the defendants' attorneys and the institution have enough information to provide useful responses.  It is not the responsibility of the defendants' attorneys or the institution to determine the identities of the Doe defendants on their own.  Upon receipt of plaintiff's discovery requests relating to Doe defendants, the defendants' attorneys should endeavor to provide the requested information as soon as possible but not later than the time allowed by the federal rules of civil procedure.  Although the defendants' attorneys and the institution have no duty to conduct a proactive investigation, the court expects them to use good faith best efforts promptly to identify the Doe defendants in this case.

The defendants' attorneys should file with the court a copy of their responses to plaintiff's discovery requests relating to the Doe defendants. The defendants' attorneys also must report to the court whether they will accept service of the amended complaint on behalf of some or all of the Doe defendants. If he chooses not to accept service, then he must provide to the court, ex parte and under seal, the known addresses of the now-identified Doe defendants so that the Marshals Service may serve them with the amended complaint.

**B) December 11, 2020**: Plaintiff shall file an amended complaint. The caption of the document shall be changed to identify it as the *amended* complaint. All that plaintiff needs to do in this document is tell the court the actual identities of his Doe defendants. If there is more than one Doe, then plaintiff must be very clear as to which Doe is which named person. Plaintiff does not need to–in fact is not allowed to–make any other changes to his complaint without first asking for and receiving permission from the court.

*Note well:* If plaintiff does not file an amended complaint identifying the Doe defendants by the deadline, then this court could dismiss all of plaintiff's claims against the Doe defendants.

**C) January 4, 2021**: The now-identified Doe defendants shall file and serve their answers to plaintiff's amended complaint.

3. **Deadline to file a summary judgment motion alleging failure to exhaust administrative remedies: January 4, 2021**

In many prisoner lawsuits, if the plaintiff has not properly exhausted the administrative remedies available to him at his institution, then he may not bring his claims to federal court.

Such a "failure to exhaust" is an affirmative defense that a defendant may raise at the beginning of a lawsuit before either side has put too much time or effort into it.

If a defendant wishes to obtain summary judgment on the basis of a plaintiff's failure to exhaust his *administrative* remedies, then that defendant must file a summary judgment motion raising this issue alone not later than the deadline set forth above. Summary judgment motions are explained in more detail later in this order. Because this is a narrow issue that can be decided on a narrow set of facts, the parties do not need to follow the court's Procedure On Summary Judgment, which applies to any other summary judgment motion filed in this court. Instead, the moving defendant may submit a motion, supporting affidavits, relevant exhibits, and a supporting brief. The defendant need not submit a separate document containing proposed findings of fact, so long as the material facts can be found in the supporting affidavits and exhibits.

Plaintiff must file and serve any response in opposition to such a motion not later than 21 days after receiving a copy of the motion and supporting materials. Plaintiff may file a responsive brief, affidavits and exhibits which must be relevant to and limited to the question whether plaintiff has adequately exhausted his administrative remedies on his claims. The plaintiff need not submit a separate document containing proposed findings of fact, so long as any material facts can be found in the supporting affidavits and exhibits.

Defendant may file a reply not later than seven days after receiving plaintiff's response.

4.	**Disclosure of Expert Witnesses:  Plaintiff**: May 7, 2021

**Defendants**: June 18, 2021

Because expert witnesses are different from other witnesses, there is a special rule telling how plaintiffs and defendants must name their experts and explain what those experts are going to say at trial.  That rule is Rule 26(a)(2) of the Federal Rules of Civil Procedure.  If a party does not follow the requirements of Rule 26(a)(2) by his (or her) deadline to disclose expert witnesses, then this court will not allow that expert witness to present evidence in this case.

Any state employee who will be an expert witness in this case must follow Rule 26(a)(2)'s disclosure requirements unless the court grants permission to do something else.  Physicians, nurses and other similar care givers who will be offering evidence only about what they did, and who will not be offering new expert opinions, must be named as experts by the deadlines set forth above, but these types of witnesses do not have to prepare written reports for this lawsuit.

This court does not have any money to help plaintiff hire an expert witness.  This court does not have any lists or other information that would help plaintiff or defendants locate or contact an expert witness.  The parties are on their own and they should keep this in mind if they think they might want expert witnesses in this case.  There is no extra time in the schedule to allow for extensions, so the parties should begin looking for expert witnesses right away if this type of witness might be important for summary judgment or for trial.

5.	**Deadline for Filing Dispositive Motions: June 28, 2021**

There are two kinds of dispositive motions: (1) motions to dismiss, and (2) motions for summary judgment.  No one may file a dispositive motion after the deadline unless the court

grants permission. The court usually does not grant permission to file a late motion, so you must work hard on this case to meet the deadlines.

### A) Motions To Dismiss

Motions to dismiss usually do not require the parties to present evidence or to take discovery. If a defendant files a motion to dismiss, he (or she) must submit a supporting brief at the same time.

Plaintiff must file and serve his response to a motion to dismiss within about 21 calendar days after the motion is filed with the court. The court will send you a notice with a specific deadline for your response but do not wait to get this notice to begin preparing your response. Any reply brief by the defendant must be filed and served within 10 calendar days of service of the response. The court will provide a specific deadline in its briefing notice.

### B) Motions for Summary Judgment

Summary judgment is a way for plaintiff or defendants to win this lawsuit (or parts of it) before the trial. Rule 56 of the Federal Rules of Civil Procedure explains how the parties must present their evidence and their legal arguments when they file or respond to a summary judgment motion. Rule 56 is important, so you should read it carefully, even before a summary judgment is filed, so that you can be ready for a summary judgment motion and then to do things correctly. For example, Rule 56(c)(2)(4) explains how you must submit affidavits. Rule 56(e)(3) warns you that if you do not submit specific facts that show a genuine issue for trial, then the court might grant summary judgment against you for that reason alone.

This court has a written set of rules that explains how to file a summary judgment motion and how to respond to your opponent's summary judgment motion. This "Procedure Governing Summary Judgment" is attached to this order and you should read it **now.** This will help you

to understand how much work will be involved, and understand the parts that give parties trouble, like writing good responses to their opponent's proposed findings of fact.

Because it is very hard for a pro se party to prepare everything needed to respond to a summary judgment motion, the court will give you about 30 calendar days to file every part of your response and to serve it on the opposing attorney. The court will send you a notice with a specific deadline for your response but do not wait to get this notice to begin preparing your response. Any reply brief by the movant must be filed and served within 10 calendar days of service of the response. The court will provide a specific deadline in its briefing notice.

**BE AWARE: you are not going to get an extension of this 30 day deadline.** The only way to get more time would be if you can convince the court that something totally unfair happened that actually prevented you from meeting your deadline, and this was completely somebody else's fault. Some things that might seem unfair to you are **not** reasons to get more time. For example, you will not get more time just because you claim that you did not have enough time or money to make copies. You will not get more time if you waited too long to get all the information you think you need to respond to the motion.

Also, if you do not follow the court's procedure for how to respond to summary judgment, then you will not get more time to do it over unless the court decides on its own that you should get a second chance.

**The only way to make sure that the court will consider your documents is to start early, do them right the first time, and file them and serve them on time. If you do not do things the way it says in Rule 56 and in the court's written summary judgment procedure, then the court will not consider your documents.**

A party may not file more than one motion for summary judgment in this case without first getting permission from the court.

**6.     Discovery Cutoff: November 8, 2021**

"Discovery" is the word used in federal courts to describe how plaintiffs and defendants can learn information and get documents that are useful to deciding this lawsuit. Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure explain how you may get information and documents from the defendants and how the defendants may get information and documents from you. You should read Rules 26 through 37 and 45 **now** so that you understand how this works, and so that you can begin taking discovery in this case.

The court expects both sides to follow Rules 26 through 37 and 45. You have no right to get information or documents to use in this case except in the way these rules say. For example Rule 26(b) says that you may discover evidence that is relevant to the claims or defenses in this lawsuit. You may not discover evidence that is not relevant. Rule 26(c) protects all parties from discovery requests that are annoying, oppressive, or too expensive or too much time to be worth it in this case. Defendants often object that discovery demands violate Rules 26(b) or 26(c), so it is important to make careful discovery requests that are aimed at getting the information and documents you really need for this lawsuit, and not aimed at getting other information and documents that you don't really need.

Another reason that it is important to make careful discovery requests is because Rule 33(a) says that a party only may serve 25 interrogatories on his opponents. An interrogatory is a written question that you want the defendants to answer under oath. Even if you have lots of questions that you want the defendants to answer so that you can learn information about

10

your claims, you cannot ask more than 25 questions unless the court gives you permission first. This court usually does not give either side permission to ask more than 25 interrogatories. That means you must use your 25 interrogatories to ask the most important questions.

Sometimes the defendants do not object to a few extra interrogatories, and this court expects that the defendants and their attorney in their case will be reasonable. But the plaintiff should not count on obtaining answers to more than 25 interrogatories during this lawsuit.

Rule 34 allows you to ask the defendants to show you documents that are relevant to this lawsuit, but it does not require the defendants to make free photocopies of these documents for you. The court expects the defendants and their attorney to be reasonable when responding to document production requests. The best way for a plaintiff to obtain quick and complete disclosures from defendants is for the plaintiff to limit his document requests to the documents that he really needs to prepare his claims for summary judgment and for trial.

If the parties disagree about discovery requests, then this court would like them to try to work it out if they can do so quickly, but the court does not require this if it would be a waste of time. If either side thinks that the other side is not doing what it is supposed to do for discovery and they cannot work it out, then either the plaintiff or the defendant quickly should file a motion with the court. If the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time to get information that they needed for summary judgment or for trial.

If a party files a motion to compel discovery, or to protect from discovery, or for some other discovery problem, that party also must submit at the same time his (or her) other documents that show why the court should grant the motion. If your opponent files a discovery

motion, you only have seven calendar days to file and to serve your written response. You must have your response in the mail stream at the prison within seven calendar days. The court will not allow a reply brief on a discovery motion unless the court asks for one.

The court does not want the parties to file their discovery material with the court, except to support some other matter in this lawsuit, such as a summary judgment motion. Once a document or a copy of a document is in the court's file, no one has to file another copy, as long as the parties make it clear to the court where the court can find the document in the file.

**Please note** that the court has a **new policy** regarding filing deposition transcripts: a party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

7. **Rule 26(a)(3) Disclosures *and* all motions in limine: November 15, 2021**

                **Objections: December 3, 2021**

The first date is the deadline to file and serve all Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms. All responses in opposition are due by the second date. The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Procedures Governing Final Pretrial Submissions, which is attached.

8. **Telephonic Final Pretrial Conference: December 17, 2021 at 10:00 a.m.**

Counsel for defendants is responsible for setting up the call to chambers. Any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

9. **Trial: January 10, 2022 at 8:30 a.m.**

The parties estimate that this case will take three days to try.

Trial shall be to a jury of eight and shall be bifurcated. This means that the parties will offer evidence and arguments only on the issue of liability, that is, whether plaintiff has proved his claims. If the jury find that the plaintiff has met his burden, then the parties will offer evidence and arguments on the issue of damages.

This case will be tried in an electronically equipped courtroom and the parties may present their evidence using this equipment. It is up to the parties and lawyers to check whether their personal electronic equipment works with the court's electronic equipment.

The parties must have all witnesses and other evidence ready and available to present at trial in order to prevent delay. If you are not ready with your witnesses or other evidence ready when it is your turn, then the court could end your presentation of evidence.

Entered this 25th day of August, 2020.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge